UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DWAYNE CRAFT,
GRANTOR OF THE KEVIN DWAYNE CRAFT
FOREIGN GRANTOR TRUST,

        Plaintiff,

Case No. 1:25-cv-1475

Hon. Robert J. Jonker

v.

TRACI L. SCHENKEL, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action in which the *pro se* plaintiff contests orders issued by the Kent County Circuit Court. Plaintiff, Kevin Craft, states that he is "a living man and Grantor of the Kevin Dwayne Craft Foreign Grantor Trust". Plaintiff relies on sovereign citizen legal theories to claim that the court orders are not valid. Plaintiff's complaint consists of a form "Complaint for a Civil Case" (ECF No. 1, PageID.1-8) and a typed document referred to as "Violation of Constitutional Rights Tort Claim" (ECF No. 1-1. PageID.10-22). For the reasons discussed below, the complaint should be dismissed for lack of subject matter jurisdiction.

    **I.**    **Complaint**

Plaintiff has named a number of state and local government officials as defendants in their "public and private capacities": Traci L. Schenkel, Friend of the Court Director; Kimie Moelker, Caseworker, Friend of the Court; Referee Marie E. Kessler, Judicial Referee, Kent County Courthouse; Referee Arthur Winther, Judicial Referee, Kent County Courthouse; Hon. Deborah L. McNabb, Chief Judge, Presiding Judge (Case No. 22-03941-DP); Hon. Maureen A.

Gottlieb, Circuit Court Judge, Presiding Judge (Case No. 10-007794-DP); Chris Becker, Prosecuting Attorney, Kent County; Lisa Posthumus Lyons, Clerk/Register, Kent County Clerk; Dana Nessel, Attorney General, Michigan; and, Peter MacGregor, Kent County Treasurer. Compl. at PageID.8-9. Plaintiff summarized his claims as follows:

> Plaintiff Kevin Craft sues the eleven Defendants (Traci L. Schenkel, et al.) for unauthorized seizure of his wages and property. Defendants, acting in their official roles in the Kent County Circuit Court system, initiated, approved, or executed Income Withholding Orders related to state court cases 10-07794-DP and 22-03941-DP, causing ongoing financial harm. Plaintiff seeks an injunction to halt the seizure, recovery of the property, and damages.

Compl. at PageID.4. Plaintiff has sued defendants pursuant to 42 U.S.C. § 1983 for "deprivation of property without due process". *Id*. at PageID.10. Plaintiff also included state law claims for trespass on rights and property", "constructive fraud / fraud under color of law", and "breach of trust / unjust enrichment". *Id*.

Plaintiff's complaint is convoluted. He makes frequent references to the existence of the "Kevin Dwayne Craft Foreign Grantor Trust" (the "Trust"), states that he is the Grantor of the trust, and states that he has standing in this lawsuit because he is both "the living principal" and the "Grantor" of "his private trust". *See* PageID.7-9. Plaintiff contends that he is not subject to garnishment orders related to the two Kent County Circuit Court cases (10-07794-DP and 22-03941-DP), because he did not agree to pay the child support, *i.e.*, "No valid contract, verified claim, or mutual agreement exists between Plaintiff and any agency allegedly enforcing child support in connection with either docket." PageID.9. Plaintiff does not acknowledge the court orders. Rather, plaintiff characterizes the orders as part of an "administrative enforcement proceeding" and contends that he can dispute and eliminate these orders through his own private administrative process:

> 13. Plaintiff has undertaken an extensive private administrative process to assert his status and jurisdiction, providing Defendants with opportunity for rebuttal. This process has resulted in unrebutted affidavits and notices establishing estoppel and default.
>
> 14. The unrebutted administrative acts, including Affidavits of Truth, Conditional Acceptances, Notices of Default, and other instruments, were previously filed into the court records under the aforementioned dockets. These documents are incorporated into this Complaint by reference and are further detailed in the Exhibit List below.

*Id.* In summary, plaintiff alleged that,

> 19. No lawful contract, agreement, or stipulation exists whereby Plaintiff knowingly and voluntarily consented to be subject to garnishment or enforcement by the Respondent(s) in either case.

PageID.10.

Plaintiff's exhibits include a variety of bizarre documents which include: an unsigned "Affidavit and Claim of Non-Corporate Status" stating that the unidentified affiant "is neither affiliated with or an enemy of any public or private corporation domestic or foreign, but is a neutral body" (ECF No. 1-11, PageID.46); Page 2 of a "Deed of Full Reconveyance" which recites "{3 variations of name KEVIN DWAYNE CRAFT, KEVIN D CRAFT, Kevin Dwayne Craft}, as Known and Unknown ENTITIES", followed by a UPS Shipment Receipt (ECF No. 1-12, PageID.47-48); a Certificate of Assumed Name in Minnesota for "KEVIN CRAFT", listing a number of Nameholders with an address "care of 2828 Jefferson Street Muskegon Heights Michigan 00000 USA" (ECF No. 1-25, PageID.82)[1]; and, a "Common Law Copyright Notice"

---

[1] The Nameholders are as follows:

**Kevin- Dwayne: Craft, authorized representative**
**Kevin- Dwayne: Craft, Registered Agent**
**Craft K Dwayne**
**Craft D Kevin**
**Dwayne K Craft**
**Dwayne Kevin Craft**
**Craft Kevin Dwayne**
**Kevin D Craft**

3

which purports to copyright the name "KEVIN CRAFT" and prohibit anyone from using the name without his consent (ECF No. 1-9. PageID.41).  Among other things, the Copyright Notice purports to be a "Self executing Contract / Security Agreement in Event of Unauthorized Use", granting plaintiff a security interest in all of the user's property of $500,000.00 "per each trade name/trademark used, per each occurrence of use (violation/infringement), plus triple damages, plus costs for each such use, as well as for each and every use of any and all derivatives of, and variations in the spelling of, 'KEVIN CRAFT©'" (PageID.41).

> For his relief, plaintiff asks this Court to:
>
> A. Issue preliminary and permanent injunctions restraining Defendants from continuing enforcement actions absent proof of jurisdiction; B. Enter declaratory judgment confirming no lawful contract or delegation exists; C. Order rescission and restitution for unlawfully taken property; D. Require accounting of all funds taken; E. Quiet title in Plaintiff's property; F. Award compensatory and punitive damages; G. Grant further equitable relief as just and proper; H. Impose constructive trust over all unlawfully taken property or wages.

PageID.10.  Plaintiff signed this complaint as follows:

> /s/
> Kevin-Dwayne:Craft
> **KEVIN DWAYNE CRAFT Foreign Grantor Trust**
> All Rights Reserved, UCC 1-308, Without Prejudice
> Title: Grantor
> 2828 Jefferson Street
> Muskegon Heights, Michigan

PageID.11.

### II. Discussion

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*,

---

**Craft Dwayne Kevin**
**Kevin Dwayne Craft**

PageID.82.

511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Plaintiff's complaint employs nonsensical claims, legal concepts, and assertions which are used by the sovereign citizen movement. As one court explained,

> Sovereign Citizens is a loosely-affiliated group that believes that state and federal governments are illegitimate and therefore have no authority to regulate their behavior. *See United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019). Adherents to the theory believe that they are "natural humans" (or sovereigns), and that they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). A Sovereign Citizen may, for instance: rely on the U.C.C.; claim that the use of his name constitutes copyright/trademark infringement; claim that the U.S. Government is bankrupt and operates on a credit system that uses U.S. citizens as collateral; assert that he is proceeding in trust; assert that his status as sovereign citizens differs from fictional individuals identified by a birth certificate or social security number; or preface his name with "All Rights Reserved." *See, e.g., Wood v. United States*, 161 Fed. Cl. 30, 34 (2022); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013); *Lebron v. BMW Fin. Servs.*, No. 6:21-cv-958, 2021 WL 9594003 (M.D. Fla. Dec. 13, 2021); *Presley v. Prodan*, No. 3:12-3511, 2013 WL 1342465 (D.S.C. Mar. 10, 2013) (collecting cases), report adopted, 2013 WL 1342539 (D.S.C. April 2, 2013).

*El-Bey v. North Carolina Department of Public Safety*, No. 5:21-CV-00084-MR, 2023 WL 1073721 at *4 (W.D.N.C. Jan. 27, 2023).

5

Here, plaintiff's complaint bears the hallmarks of a sovereign citizen claim: plaintiff contends that he is not subject to the state government's authority to enter court orders related to child support; plaintiff is proceeding under an unintelligible trust theory in which he is both the grantor and "living principal" of a private trust; plaintiff claims that the use of his name constitutes copyright infringement; plaintiff relies on the U.C.C. to secure his copyright claims on the users of his name; and, plaintiff attempts to proceed in Court with "all Rights reserved".[2]

> In short, the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement. There is no jurisdiction in this court for fictitious claims.

*Potter v. United States*, 161 Fed. Cl. 24, 29 (2022). Plaintiff's nonsensical allegations are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, and no longer open to discussion. Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See Apple*, 183 F.3d at 479; *Potter*, 161 Fed. Cl. at 29.

### III.   RECOMMENDATION

For these reasons, I respectfully recommend that the complaint be **DISMISSED** for lack of subject matter jurisdiction.

---

[2] By signing court filings with a "reservation of rights", plaintiff does not acknowledge that he is bound by this Court's authority. As explained in *Holmes v. Town of Silver City*, No. 19 CV 448 JAP/CG, 2019 WL 4451131 at *3 (D.N.M. Sept. 17, 2019),

> People who claim they are "sovereign citizens" assert that they are not subject to state and federal law. These persons sometimes sign their names along with the reference to UCC 1-308 on documents with the belief that they can preserve their "common law rights" and avoid submitting to legal authority. Leslie R. Masterson, *"Sovereign Citizens": Fringe in the Courtroom*, Am. Bankr. Inst. J., March 2011, at 1, 66 (2011).

*Holmes*, 2019 WL 4451131 at *3. The purpose of Fed. R. Civ. P. 11 is undermined when filers sign documents under a "reservation of rights." *See McCarley v. Stout Insurance Company, LLC*, No. 2:24-CV-01697-CDS-MDC, 2024 WL 4773886 at *1 (D. Nev. Nov. 12, 2024). *See also, Haltom v. City of Henderson, TN*, No. 1:24-CV-01215-JDB-JAY, 2025 WL 2412170 at *11 (May 13, 2025), *R&R adopted* 2025 WL 2058779 (W.D. Tenn. July 23, 2025) (citing *Pounds v. Charter Township of Kalamazoo*, No. 1:25-cv-187, 2025 WL 977487 at *1, n. 1 (March 5, 2025), *R&R adopted* 2025 WL 973480 (W.D. Mich. April 1, 2025). This action is an attempt to avoid the penalties of making untruthful statements on court documents. *See McCarley,* 2024 WL 4773886 at *1.

Dated: December 18, 2025          /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).